No. **CR 07 00373 RMW** RS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

FILED

2007 JUN 13 P 2: 48

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

---

## THE UNITED STATES OF AMERICA

vs.

## NED ROSCOE and JOHN ROSCOE

---

# INDICTMENT

<u>COUNT ONE</u>: Title 18, United States Code, Section 371 - Conspiracy

<u>COUNT TWO THROUGH SIX</u>: Title 18, United States Code, Section 1344(2) - Bank Fraud

---

*A true bill.*

_____
*Foreperson*

Filed in open court this __13__ day of __June__

A.D. 2007

_____
UNITED STATES MAGISTRATE JUDGE

Bail. $ _warrants - no bail (stayed until June 27, 2007)_

SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

FILED
2007 JUN 13 P 2:49
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NED ROSCOE, and<br>JOHN ROSCOE,<br><br>Defendants. | CR 07 00373 RMW<br><br>VIOLATIONS: 18 U.S.C. § 371 – Conspiracy; 18 U.S.C. § 1344(2) – Bank Fraud; Aiding and Abetting – 18 U.S.C. § 2.<br><br>SAN JOSE VENUE |

## INDICTMENT

The Grand Jury charges:

COUNT ONE: (18 U.S.C. § 371 – Conspiracy to Commit Bank Fraud)

    1.    In and between about late 2002 and November 2003, in the Northern District of California, and elsewhere, the defendants,

NED ROSCOE and
JOHN ROSCOE,

did knowingly and intentionally conspire with each other and with others known to the Grand Jury to commit an offense against the United States, to wit, bank fraud, in violation of 18 U.S.C. § 1344(2).

///

///

INDICTMENT

## Background and Parties

At all times relevant to this indictment:

2. Ned Roscoe was an owner and vice-president of Cigarettes Cheaper! (hereinafter the "Company"). The Company, headquartered in Benicia, California, was a wholesale distributor of tobacco products. It operated a chain of retail stores that sold discount cigarettes and other tobacco products to the public.

3. John Roscoe, Ned's father, was also an owner of the Company and its president.

4. R.M. was the chief financial officer of the Company.

5. Comerica Bank was headquartered in San Jose, California, and was insured by the Federal Deposit Insurance Corporation.

## Overview of the Scheme to Defraud

In and between late 2002 and November 2003, the Company was suffering financial difficulties. In an effort to continue operations, the defendants conspired with one another and, at certain points, with assistance from R.M. and others, fraudulently to inflate the value of the Company's current inventory, known as its "borrowing base," in order to increase the amount that the Company could borrow from Comerica Bank on a revolving line of credit.

## Execution of the Scheme to Defraud

6. In early 2000, the Company obtained a revolving line of credit ("the loan agreement") from Comerica Bank. Initially, the loan agreement permitted the Company to borrow up to 70% of the value of its current inventory, referred to as the Company's "borrowing base." Later, after the Company experience financial difficulty, the borrowing base was reduced to 65% of the value of the Company's inventory.

7. The Company began experiencing financial difficulties in 2002. This caused Comerica to monitor the loan more closely. Comerica required the Company to report its inventory borrowing base on a weekly basis. From approximately December 2002 through November 2003, the Company reported false information to Comerica; it fraudulently inflated the value of its current inventory to increase the amount it could borrow.

///

1  8. In the Spring of 2003, R.M. met with Ned and John Roscoe. R.M. told the two owners that he was not comfortable continuing to overstate the Company's inventory in the borrowing base reports to the bank. R.M. refused to sign the certification to the bank. Ned Roscoe took the report, signed it, and had it faxed to the bank.

9. The defendants continued to cause the Company to report artificially inflated inventory amounts in its weekly borrowing base reports. As a result, by November 2003, the defendants had caused the bank to extend approximately $10.6 million of loans in excess of the amount the bank would have lent on the Company's true borrowing base inventory.

10. The defendants caused the Company to report fraudulently inflated figures to Comerica Bank in a variety of ways, including as follows:

    a. In 2003, the Company entered into an agreement with another tobacco company, hereinafter referred to as B.T., in which Ned Roscoe, through the Company, requested B.T. to invoice purchases of Revenge Brand cigarettes at $27.64 per carton. In truth and in fact, the Company paid B.T. $6.80 per carton of Revenge Brand cigarettes. The cost the Company later reported to Comerica on borrowing base certificates was not the actual cost of $6.80 per carton, but rather the inflated invoice cost of $27.64 per carton. These fraudulent misrepresentations accounted for more than $1 million in overstatements in the weekly borrowing base inventory reports the Company made to Comerica Bank.

    b. According to the loan agreement, cigarettes at Company stores were required to be valued at cost. Despite this requirement, the Company reported the retail value of the cigarettes in its weekly inventory reports to the bank. These fraudulent misrepresentations accounted for more than two million dollars in overstatements in the weekly borrowing base inventory reports.

    c. According to the loan agreement, the Company was only permitted to include cigarette products in its borrowing base inventory certificate reports under certain circumstance; that is, once the cigarettes had arrived at the Company's warehouse or once the Company had taken possession of cigarette products while they were in transit to the Company's retail stores. However, the Company included cigarette products that had not yet been

INDICTMENT                                3

manufactured and that were weeks from being delivered in its weekly inventory reports. The fraudulent misrepresentations described in this sub-paragraph resulted in approximately six to seven million dollars in overstatements in the weekly borrowing base inventory reports submitted to Comerica Bank.

11. In November 2003, R.M. met with Ned and John Roscoe to discuss R.M.'s continuing concern regarding the overstatements in the Company's weekly inventory reports to Comerica Bank. John Roscoe told R.M. that he was being too conservative and that he (R.M.) was "worried about going to jail," or words to that effect.

12. In late November 2003, Ned Roscoe instructed accountants to provide an analysis comparing figures the Company had reported to the bank in weekly reports and a strict interpretation of the loan agreement's borrowing base provisions. An accountant reported that, as of November 11, 2003, the discrepancy between the inventory figures the Company had provided to the bank and the correct figures was approximately $16.5 million dollars. After reviewing the report and discussing it with R.M., Ned and John Roscoe agreed on a fraudulent strategy that they would tell Comerica Bank officials that differences in their weekly inventory reports were the result of "clerical or accounting errors."

<u>Overt Acts Committed In Furtherance of the Conspiracy</u>

13. In furtherance of the conspiracy, the defendants, and others known to the Grand Jury committed the following overt acts, among others, on or about the dates set forth below:

a. In May/June 2003, Ned and John Roscoe met with R.M. to discuss R.M.'s concern that the Company was reporting inaccurate and inflated figures in its borrowing base inventory reports to Comerica Bank.

b. In May/June 2003, Ned Roscoe fraudulently signed and sent a borrowing base report to Comerica Bank, knowing that it contained inflated and inaccurate inventory amounts.

c. On August 22, 2003, Ned Roscoe fraudulently signed and sent a borrowing base report to Comerica Bank which reflected a bill-in value of inventory in excess of cost and which valued the Company's inventory at retail rather than at cost.

      d.     In September 2003, Ned Roscoe fraudulently entered into a product purchase agreement with B.T., and caused B.T. to invoice the Company in amounts substantially greater than what the Company had actually paid for cigarettes purchased from B.T.

      e.     In September 2003, Ned Roscoe sent a fraudulent borrowing base inventory report to Comerica Bank, which contained inflated values of cigarette purchases from B.T.

      f.     In late November 2003, the defendants falsely told and/or caused others to falsely inform Comerica Bank officials that overstatements in weekly Borrowing Base inventory reports were due to "clerical or accounting errors."

All in violation of Title 18, United States Code, Section 371.

<u>COUNTS TWO THROUGH SIX</u>: (18 U.S.C. §§ 1344(2) and 2 – Bank Fraud and Aiding and Abetting)

14.     The factual allegations contained in paragraphs 2 through 13 are realleged and incorporated as if fully set forth here.

15.     In and between about late 2002 and November 2003, in the Northern District of California, and elsewhere, the defendants,

NED ROSCOE and<br>JOHN ROSCOE,

did knowingly devise and execute a material scheme and artifice to defraud and to obtain monies, funds, and credits under the custody and control of Comerica Bank, a financial institution, the deposits which were at the time insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations and promises, as set forth below:

| Count | Approximate Date of Borrowing Base Inventory Report sent to Comerica Bank | Description of Fraudulent Representation in Borrowing Base Inventory Report |
|---|---|---|
| 2 | August 22, 2003 | Retail value reported instead of actual cost of cigarettes. |

INDICTMENT                             5

| 3 | September 26, 2003 | Retail value reported instead of actual cost of cigarettes. Inflated cost of B.T. cigarettes reported instead of actual cost. |
| 4 | October 3, 2003 | Retail value reported instead of actual cost of cigarettes reported to bank. Inflated cost of B.T. cigarettes reported instead of actual cost. |
| 5 | November 7, 2003 | Retail value instead of actual cost of cigarettes reported to bank. Also inflated in-transit inventory and cost of B.T. cigarettes. |
| 6 | November 14, 2003 | Retail value instead of actual cost of cigarettes reported to bank. Also inflated in-transit inventory and cost of B.T. cigarettes. |

All in violation of Title 18, United States Code, Sections 1344(2) and 2.

DATED:

13-Jun-2007

A TRUE BILL.

_____
FOREPERSON

SCOTT N. SCHOOLS
United States Attorney

_____
DAVID R. CALLAWAY
Deputy Chief, San Jose Branch Office

(Approved as to form: _____ )
  AUSA Singh

INDICTMENT                                  6

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

**OFFENSE CHARGED**
SEE ATTACHMENT

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

**PENALTY:** SEE ATTACHMENT

E-FILING

**DEFENDANT - U.S.**
JOHN ROSCOE

**DISTRICT COURT NUMBER**
CR 07 00373 RMW

FILED
2007 JUN 13 P 2:50
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges } ☐ Fed'l ☐ State
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed _____

**DATE OF ARREST** ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

**PROCEEDING**
Name of Complaintant Agency, or Person (&Title, if any)
S/A Rob Gunderson - F.B.I.

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense
☐ this prosecution relates to a pending case involving this same defendant
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

} SHOW DOCKET NO.
} MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM: SCOTT N. SCHOOLS
☒ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned): CARLOS SINGH

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:
Before Judge:

Comments: WARRANT-NO BAIL *STAY TWO WEEKS*

Penalty Sheet Attachment

**Count One**: Conspiracy

**Maximum Penalties**:
5 years imprisonment
$250,000 fine
3 years supervised release
$100.00 special assessment

**Count Two through Six**: Bank Fraud (each count)

**Maximum Penalties**:
30 years imprisonment
$1 million fine
5 years supervised release
$100.00 special assessment

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

**OFFENSE CHARGED**
SEE ATTACHMENT

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

E-FILING

**PENALTY:**
SEE ATTACHMENT

**DEFENDANT - U.S.**
▶ NED ROSCOE

FILED
2007 JUN 13 P 2:49
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

**DISTRICT COURT NUMBER**
CR 07 00373 RMW
RS

---

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)
S/A Rob Gunderson-F.B.I.

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

} SHOW DOCKET NO.

} MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM
SCOTT N. SCHOOLS
☒ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)
CARLOS SINGH

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges  } ☐ Fed'l  ☐ State
   If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

**DATE OF ARREST** ▶  Month/Day/Year

Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED TO U.S. CUSTODY** ▶  Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments: WARRANT-NO BAIL *STAY TWO WEEKS*

Penalty Sheet Attachment

**Count One**: Conspiracy

**Maximum Penalties**:
5 years imprisonment
$250,000 fine
3 years supervised release
$100.00 special assessment

**Count Two through Six**: Bank Fraud (each count)

**Maximum Penalties**:
30 years imprisonment
$1 million fine
5 years supervised release
$100.00 special assessment