UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>NED ROSCOE and<br>JOHN ROSCOE<br><br>　　　　　Defendants. | Case No.: CR-07-00373 RMW (PVT)<br><br>**ORDER RE DEFENDANTS'<br>MOTION FOR DISCOVERY;<br>ORDER RE PLAINTIFF'S MOTION<br>FOR RECIPROCAL DISCOVERY** |

Defendants John Roscoe and Ned Roscoe move for the production of pretrial discovery from the United States pursuant to the Fifth and Sixth Amendments of the United States Constitution; *Brady v. Maryland,* 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Hanthorn,* 931 F.2d 29 (9th Cir. 1991); Fed.. R. Evid. 404(b);  Fed.. R. Crim. P. 12(b)(4)(B) and 16; and 18 U.S.C. section 3500.  (collectively "defendants" or "the defense").  The United States responded to defendants' motion for discovery and moved for reciprocal discovery pursuant to Rule 16(b)(1).  On March 5, 2009, the parties appeared for hearing.  Assistant United States Attorney Daniel R. Kaleba represented the United States.  Defendant John Roscoe was represented by Peter A. Leeming and defendant Ned Roscoe was represented by Mark D. Eibert (who appeared by telephone).

Pursuant to the Fifth and Sixth Amendments of the United States Constitution, 18 U.S.C.

section 3500, Rule 16 of the Federal Rules of Criminal Procedure, applicable local rules and authorities, defendants move for an order directing the United States to produce and permit them to inspect and copy certain items set forth below which are known to be in the possession of the United States. Defendants further move for items which through due diligence of the United States would or could become known to it through its officers, agents and cooperating local enforcement agencies: statements by the accused; witness lists; witness statements; photographic and electronic surveillance; prior criminal records for the defendants and any witnesses intended to be called by the United States; inspection of physical evidence including tangible objects in the possession of the United States to be offered as evidence at trial or which belong to the defendants.

  A.  <u>Statements made by John Roscoe and Ned Roscoe:</u>

  The United States stated that it has produced all statements attributed to defendants in this case.  Therefore,

  IT IS HEREBY ORDERED that the United States shall continue to produce defendants' and co-conspirators' statements that it seeks to attribute to the defendants, including: (1) defendants' and/or co-conspirators' statements in writing before or after the indictment including those statements attributed to the defendants by means of third party signatures or statements; (2) statements of defendants and co-conspirators which were audio or video tape recorded prior to, or after indictment; (3) any oral statements of defendants, co-conspirators to or overheard by law enforcement/agents of the government before or after the indictment which was subject to verbatim/summarized report or memo by the officer or agent; (4) any written reports summarizing or transcribing any statements made by the defendants and or co-conspirators before or after indictment; (5) any oral statements made by the defendants overheard by a person other than law enforcement either prior or after the indictment which was subject to verbatim or summarized report or memorandum by the hearing person or law enforcement officer; (6) any statements which the United States alleges are admissible under Federal Rule of Evidence 801(d)(2)(E) as a co-conspirator statement during the course and in furtherance of the conspiracy.

IT IS FURTHER ORDERED that the government produce pretrial co-conspirator statements under Rule 801(d)(2)(E) which the government may or intends to introduce at trial and may be attributed to defendants.

B. <u>Witness List</u>:

The United States stated that it would produce a witness list by March 17, 2009. The parties have since met with Judge Whyte and the trial has been continued to June 1, 2009. Therefore,

IT IS HEREBY ORDERED that the parties shall meet and confer and agree on a new date for the production of a witness list. In the unlikely situation that the parties cannot agree on a new date, they shall contact the Magistrate Judge for a telephone conference to set this date which should be at least two weeks before trial. Absent an agreement between the parties, the witness list shall be produced no later than the date of the pretrial conference.

C. <u>Witness Statements</u>:

IT IS HEREBY ORDERED that the United States (as it has already agreed) shall produce to the defense the all of the written statements of the persons with knowledge of the case as well as all FBI 302s concerning witnesses whether the United States intends to call them or not. The United States shall also preserve all of the handwritten notes of its interviews of the defendants and witnesses.

The defense also requested access to FBI files relating to prior investigations of these defendants. The United States objected to this line of discovery as going far beyond what the defendants are entitled to under Rule 16. Based on the United States's position that such discovery would not be relevant or material to this case investigation, the defense request is, at this time, denied without prejudice. However, in the event the United States attempts to rely on information from prior investigations the defense may renew this request.

D. <u>Photographic and Electronic Surveillance</u>:

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, defendants requested the disclosure of all logs and surveillance records which evidence photographic or electronic surveillance of the defendants, and or their own conversations. The United States has not

responded to this request. Therefore,

IT IS HEREBY ORDERED that to the extent any such material exists, the United States shall produce it to the defendants no later than the date of the pre trial conference.

E.  Prior Criminal Record:

The United States agreed to produce the criminal histories for the defendants pursuant to Rule 16(a)(1)(D) and agreed to provide criminal histories, if any, for any witnesses pursuant to its *Giglio* obligations.

F.  Inspection of Physical Evidence:

Pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, defendants requested inspection of tangible objects which are in the possession, custody or control of the United States and intended for use by the United States as evidence at trial or which belong to the accused.  This includes the following: (a) tangible objects from the defendants' persons or effects; (b) tangible objects obtained from persons, effects, residence, or any vehicle owned or driven by the defendants; (c) all documents, instruments, forms or statements of any kind, signed or purported to be signed by the defendants; (d) all books, papers, visual or audio recordings, documents or tangible objects the United State plans to offer into evidence in this case; (e) all other books, papers, documents or tangible objects upon which the Government relied on in filing the charges against the defendants which are material to the preparation of the defense, including but not limited, to any FBI files regarding prior investigations of the defendants other than this case; (f) all property in the possession of the United States or its agents or seized by the government belonging to Ned Roscoe or John Roscoe; (g) all fingerprints impressions, clothing, tissue, hair, fiber or other material obtained by whatever means or process from the scent or scenes of the alleged offenses, attributed to either defendant; (h) all documents or photographs, in the United States's possession and which tended to locate or confirm location of any person, object, vehicle or vessel involved in ths case; and (i) all photographs which the United States intends to use at trial.

Under the Rule, the United States agreed that it has an obligation to allow the inspection of physical evidence within its possession, custody, or control if it is material to the defendants'

preparation of its defense or if the United States intends to use it in its case-in-chief or the item was obtained from or belonged to the defendant. The United States has produced this discovery and has agreed to continue to produce/make available this discovery.

However, the United States has objected to producing FBI files regarding prior investigations, if any. On this record, the Court cannot determine whether files from prior investigations are relevant or related. Therefore,

IT IS HEREBY ORDERED the defense's request for files from prior investigations is denied without prejudice. Defendants may renew their request if it is warranted under the law or the facts.

G. <u>Reports of Examinations and Tests</u>:

The United States reported that there are no reports of examinations or tests under Rule 16(a)(1)(F). It also has not designated an expert witness to testify. The United States reserves the right to designate such a witness if the defense identifies experts. Therefore,

IT IS HEREBY ORDERED that defendants shall designate their expert witnesses, if any, no later than the date of the pretrial conference or as otherwise ordered by the trial judge.

H. <u>Copies of All Search Warrants and Affidavits</u>: The United States stated that there are no warrants in this case.

I. <u>Fifth and Sixth Amendment Related Issues</u>:

Pursuant to Federal Rule of Evidence 404(b), defendants requested the identification of government witnesses who witnessed defendants' alleged illegal conduct. The United States has informed the defendants that it intends to use the judicial findings, and perhaps transcripts, from the Superior Court for the County of Sacramento case (<u>California v. Customer Acquisition Corp. et al</u>). Therefore,

IT IS HEREBY ORDERED that the United States shall produce the transcript of the above-captioned case and any accompanying case documents upon receipt from Sacramento. Discovery shall be produced no later than the date of the pretrial conference in this case.

J. <u>Brady/Giglio Material</u>:

IT IS HEREBY ORDERED that the United States shall produce to the defense all

material known to the United States which is exculpatory or favorable to the defense or which leads to exculpatory or favorable material, including any evidence relating to credibility or bias by the government.

K.     <u>Grand Jury Witness Names, Addresses and Testimony</u>:

The United States agreed to provide grand jury discovery to the defense. In order to comply, the United States is seeking permission of the court under Rule 6. The United States intends to produce these statements prior to the witness testifying at trial. In addition, the United States shall produce the grand jury testimony of any witnesses whose testimony might prove useful to defendants in establishing innocence.

The United States moves for reciprocal discovery pursuant to Rule 16. Specifically, the United States seeks the following: (1) copies of documents and objects in defendants' possession that they intend to use at trial pursuant to Rule 16(b)(1)(A); (2) reports of examinations and tests in defendants' possession that they intend to use at trial pursuant to Rule 16(b)(1)(B); and (3) identification of, as well as the qualification and written summary of any defense expert witness's testimony, if any, they intend to use at trial pursuant to Rule 16(b)(1)(C).

As a general matter, defendants have not objected to the request for reciprocal discovery. Therefore,

IT IS HEREBY ORDERED that defendants shall produce all responsive discovery no later than the date of the pretrial conference.

IT IS SO ORDERED.

Date:   March 17, 2009

PATRICIA V. TRUMBULL
United States Magistrate Judge