**E-FILED on**   9/16/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>       Plaintiff, <br>     v. <br> NED ROSCOE and JOHN ROSCOE, <br>       Defendants. | No. CR-07-00373 RMW <br><br> ORDER DENYING MOTIONS TO STRIKE AND GRANTING MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR JUDICIAL FINDINGS <br><br> **[Re Docket Nos. 197, 199, 207]** |

    On August 5, 2010, the court held a pretrial conference and heard argument regarding motions in limine. On August 17, 2010, the government filed supplemental briefing and evidence relating to two motions in limine that the court had taken under submission. Defendants move to strike these filings. Although the court did not invite further briefing on these issues, given the timing of the trial and the issues raised, it does not appear that defendants are prejudiced by these supplemental filings. The court thus denies the motions to strike. The court is willing to consider further briefing and evidence filed by the defendants in response to the government's August 17, 2010 filings, provided they are filed no later than September 29, 2010.

    On September 9, 2010, the government also filed a supplemental brief on the issue of whether a prior court's finding regarding a witness's credibility can be introduced into evidence in a

ORDER DENYING MOTIONS TO STRIKE AND GRANTING MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR JUDICIAL FINDINGS—No. CR-07-00373 RMW
CCL

later case.  The court did invite the government to submit further briefing on this issue at the hearing on August 5, 2010.  Although the government's supplemental brief does cite cases from other circuits where courts have permitted testimony regarding prior adverse credibility findings, the court finds the Ninth Circuit's holding in *United States v. Sine*, 493 F.3d 1021 (9th Cir. 2007) applicable to this case.  A judge's finding that defendants lack credibility presents the "rare case where, by virtue of [the finding] having been made by a judge, [it] would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice." *Id.* at 1034.  A judicial finding of lack of credibility is likely to unduly affect the jury because "jurors are likely to defer findings and determinations relevant to credibility made by an authoritative, professional factfinder rather than determine those issues for themselves." *Id.* at 1033.  Under Federal Rule of Evidence 403, relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  In this case, if the government were permitted to cross examine defendants regarding prior judicial findings in unrelated cases, the defendants would be entitled to explain the facts and circumstances of these completely unrelated cases, which could result in confusion of the issues and waste of time.  The court thus finds that the danger of unfair prejudice, confusion of the issues, and waste of time substantially outweighs the minimal probative value of the testimony the government seeks to elicit.  Accordingly, the court grants defendants' motion in limine to exclude evidence of prior judicial findings relating to defendants' credibility.

DATED:     9/16/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge