IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>      Plaintiff,<br><br>   v.<br><br>NED ROSCOE and JOHN ROSCOE,<br><br>      Defendants. | NO. CR-07-00373 RMW<br><br>ORDER RE POST-TRIAL CONTACT OF JURORS<br><br>**[Re Docket No. 303]** |

    Defendant seeks court authorization to make post-trial contact with the jurors in this case and to obtain the written juror questionnaires that they filled out at the commencement of the jury selection process in order to facilitate that contact. The questionnaires are currently filed under seal with the court. The government objects to allowing access to the questionnaires and submits that defense counsel should be precluded from contacting the jurors to investigate whether they were exposed to outside influences. The court has considered the papers filed and hereby denies access to the questionnaires for defense counsel's stated purpose. The court also will not specifically

1  authorize contact with the jurors absent some evidence of their exposure to prejudicial extraneous
2  materials.  However, the court does not preclude defense counsel from making such contact in the
3  course of any post-trial investigation she deems necessary. The government's request that defense
4  counsel be precluded from contacting the jurors is denied.

## Background

Defendant Ned Roscoe was tried and convicted of conspiracy to commit bank fraud, bank fraud and making false statements to a bank. During the trial the defense counsel brought to the court's attention a news article about the case that appeared on a non-mainstream Internet site and mentioned that the co-defendant had pleaded guilty. At the beginning of the case the court had given the standard admonition about not reading or listening to any media articles or information about the case. After the article was brought to the court's attention, the jurors were asked if any of them had read or heard anything about the case. The jurors all denied that they had.  The court continued throughout the trial to repeat the admonition about not reading or listening to outside information.

There was apparently a second article about the case in addition to the one that was brought to the court's attention during trial, although it was published before the jurors were asked if any of them had read anything. Several weeks after the trial, the defense now wants to have an investigator contact the jurors to see if any of them was exposed to outside information and, in particular, to these articles. To facilitate contact, the defense wants access to the questionnaires to obtain contact information.  The government objects to allowing access to the questionnaires to gain contact information and objects to any contact by the defense with the jurors.

At this point, there is no evidence of juror misconduct, and the jurors in fact specifically denied reading anything when asked and would have later violated the court's admonition if they did so. The questionnaires are filed under seal. The wording on the questionnaire as to access says: "Your responses will be shared with the parties and their attorneys but will otherwise be maintained as confidential absent further court order and advance notice to you."

Under the circumstances, where there is absolutely no evidence of the consideration of extraneous information or of an outside influence, the court finds no persuasive reason either to

ORDER RE: POST TRIAL CONTACT OF JURORS
NO. CR-07-00373 RMW                           2

allow access to the questionnaires or to give court authorization for the defense to contact the jurors. In *Smith v. Cupp*, 457 F.2d 1098, 1100 (9th Cir. 1972) the petitioner in a habeas proceeding claimed constitutional error because the state trial court refused to allow post-verdict interrogation of the jurors for the purpose of discovering possible, but unspecified, jury misconduct.  The court held:

> The contention lacks merit. In the federal court system, it has recently been stated that neither a trial court nor an appellate court has the authority to inquire into the jury's decisional processes, even when information pertaining to the deliberations is volunteered by one of the jurors.  Moreover, this court has held, in a federal case, that it is improper and unethical for lawyers to interview jurors to discover what was the course of deliberation of a trial jury.

*Id.* (internal citations omitted).

The court is unwilling to authorize access to information that the jurors were told would not be used without advance notice to them and court order.  Since there is no indication that the jury saw extraneous information, the court sees no reason to authorize access to the questionnaires or to sanction contact with the jurors.

However, the present case is distinguishable from *Smith* in that defendant only seeks to interview the jurors "to determine whether the jury had been exposed to extraneous prejudicial information or whether any outside influence was improperly brought to bear upon any juror." Def.'s Supp. Brf. at 3:19-21.  Specifically, defense counsel appears concerned about the two articles brought to her attention.  Federal Rule of Evidence 606(b) makes admissible a juror's testimony on the jury's exposure to such extraneous information or outside influence.  Although the court will not sanction or affirmatively authorize defendants to contact the jurors, it will not prohibit defense counsel from undertaking an investigation within ethical limits to determine whether conduct about which a juror could testify pursuant to Rule 606(b) occurred.

The government argues that the defense should be required to return the random list of potential jurors given to the parties for jury selection.  The court will not order the return of the list, but defendant may not use the list in violation of 28 U.S.C. § 1867(f).

DATED: April 4, 2011

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge